## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| DARRISSA BROWN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | |
| ) | |
| ROGER SCHMIDT, individually and in ) | |
| his capacity as owner, operator, and ) | |
| employer, and GRO-FS, INC., ) | |
| ) | |
| **Defendants.** ) | |

### VERIFIED COMPLAINT FOR RELIGIOUS DISCRIMINATION AND FAILURE TO ACCOMMODATE
**(Title VII of the Civil Rights Act of 1964)**

Plaintiff Darrissa Brown, by and through counsel, for her Complaint against Defendants GRO-FS, Inc. and Roger Schmidt, states as follows:

### NATURE OF THE ACTION

1. This is an action for religious discrimination and failure to accommodate in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. Plaintiff was denied a reasonable religious accommodation for her sincerely held religious beliefs requiring Sunday observance and was required to work Sundays despite repeated requests for accommodation.

3. Defendants refused to provide a reasonable accommodation and instead imposed scheduling requirements that conflicted with Plaintiff's religious observance.

4. As a result of Defendants' unlawful conduct, Plaintiff suffered lost wages, emotional distress, and other damages.

## PARTIES

5. Plaintiff Darrissa Brown is an adult resident of Memphis, Shelby County, Tennessee.

6. Defendant Roger Schmidt is an owner, operator, partner, principal, or managing member associated with GRO-FS, Inc. and exercised authority and operational control over employment policies, practices, and operations affecting Plaintiff.

7. Defendant GRO-FS, Inc. is an Arkansas-based business entity engaged in the ownership and operation of Golden Corral franchise restaurants, including the location where Plaintiff worked.

8. Defendants operate Golden Corral franchise locations as franchisees and are responsible for hiring, scheduling, discipline, accommodation decisions, and employment policies at those locations.

9. GRO-FS, Inc. has been identified publicly as being involved in acquiring and operating Golden Corral franchise locations and expanding restaurant operations.

10. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of Title VII.

11. Defendants jointly exercised control over Plaintiff's terms and conditions of employment.

12. Defendants employed fifteen (15) or more employees during the relevant time period and are employers engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b) and (g).

13. Managers and supervisors at the restaurant acted as agents of Defendants and within the scope of their authority.

## JURISDICTION AND VENUE

14. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2

15. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

16. Defendants are subject to personal jurisdiction in this District because they purposefully directed employment-related communications, decisions, and conduct toward Plaintiff while she was located in this District, knowing that Plaintiff resided in this District and that the effects of their conduct would be felt here. Defendants' actions caused foreseeable injury to Plaintiff in this District, including economic and emotional harm experienced here. Defendants operate restaurant franchise businesses in multiple states and derive revenue from interstate commerce, and the exercise of jurisdiction in this District is consistent with due process and traditional notions of fair play and substantial justice.

17. Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391 because Plaintiff resides in this District and Defendants' unlawful employment practices had substantial effects within this District, including damages suffered by Plaintiff here.

18. A substantial part of the events giving rise to Plaintiff's claims occurred within this District, including communications directed to Plaintiff, decisions affecting Plaintiff's employment conditions, and the damages suffered by Plaintiff.

19. This District is a convenient forum for the parties and witnesses. Relevant witnesses and evidence are located in multiple states, including Tennessee and Mississippi, and transfer to another forum would merely shift inconvenience from Defendants to Plaintiff rather than promote the interests of justice.

20. Plaintiff's choice of forum is entitled to substantial deference, particularly where Plaintiff resides in this District and experienced the effects of Defendants' unlawful conduct here.

21. Defendants operate a multi-state franchise enterprise and routinely conduct business across state lines; litigating in this District does not impose any undue burden compared to alternative forums.

22. Accordingly, jurisdiction and venue are proper in this Court.

## ADMINISTRATIVE EXHAUSTION

26. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission.

27. Roger Schmidt was identified by the EEOC as the Respondent employer.

28. The EEOC assigned Charge No. 490-2025-02747.

29. Plaintiff has satisfied all administrative prerequisites.

30. The EEOC issued Plaintiff a Notice of Right to Sue on December 1, 2025, and this action is timely filed within ninety (90) days of Plaintiff's receipt of that notice.

## FACTUAL ALLEGATIONS

**Employment**

31. Plaintiff was hired in approximately March 2024 as a front-house manager at the Golden Corral location in Horn Lake, Mississippi.

32. Plaintiff performed her duties satisfactorily.

**Religious Beliefs and Requests**

33. Plaintiff is an Apostolic Christian whose sincerely held religious beliefs require observance of Sunday as a day of worship and rest.

34. Plaintiff informed management of her religious beliefs and requested Sundays off as a religious accommodation.

4

35. Plaintiff submitted a written request for accommodation explaining her religious requirements and offering to work alternate days or shifts.

**Denial of Accommodation**

36. Beginning in approximately April 2024, Defendants, through their agents and managers, denied Plaintiff's requests.

37. Plaintiff was scheduled to work Sunday shifts despite her requests for exemption.

38. Management represented that allowing Plaintiff to leave early on Sundays constituted an accommodation, but Plaintiff was still required to work during religious observance hours.

39. Plaintiff escalated her concerns to ownership and higher management, but the denial continued.

40. In October 2025, Plaintiff again submitted a request for Sundays off, which was denied.

41. Scheduling records and communications confirm Plaintiff was required to work Sundays while attending church.

42. Defendants could have accommodated Plaintiff by scheduling her on other days or shifts without undue hardship.

43. Defendants refused to do so.

44. Providing Plaintiff Sundays off would not have imposed a substantial increased cost or undue hardship on Defendants' business operations.

<u>**COUNT I**</u>

<u>**RELIGIOUS DISCRIMINATION - FAILURE TO ACCOMMODATE (Title VII)**</u>

45. Plaintiff incorporates all preceding paragraphs.

46. Plaintiff held a bona fide religious belief conflicting with Defendants' work requirements.

47. Plaintiff informed Defendants of the conflict.

48. Plaintiff requested accommodation.

49. Defendants failed to provide reasonable accommodation.

50. Defendants' refusal to provide a reasonable accommodation constitutes unlawful religious discrimination under Title VII.

## DAMAGES

51. Plaintiff suffered:

   a. Lost wages and benefits;

   b. Emotional distress and mental anguish;

   c. Humiliation and embarrassment;

   d. Other compensatory damages.

52. Defendants acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages pursuant to 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

   A. Judgment in her favor;

   B. Back pay and front pay;

   C. Compensatory damages;

   D. Punitive damages;

   E. Attorney's fees and costs;

   F. Interest;

   G. All other appropriate relief.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

s/ *Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES EMPLOYMENT LAW FIRM
254 Court Avenue, Suite 305
Memphis, TN 38103
901.519.9135 (voice)
901.979.2499 (fax)

poliphant@rolweslaw.com

*Attorney for Plaintiff*

7

## **VERIFICATION**

I, Darrissa Brown, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Complaint and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on 02/19/2026

Darrissa Brown (Feb 19, 2026 18:13:52 CST)

Darrissa Brown

8

# 260219 - D. Brown Complaint

Final Audit Report                                              2026-02-20

| | |
|---|---|
| Created: | 2026-02-19 |
| By: | Philip Oliphant (poliphant@rolweslaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAU3yLsN_V51J8BQfxIxxd8th8YvyHKgT- |

## "260219 - D. Brown Complaint" History

📄 Document created by Philip Oliphant (poliphant@rolweslaw.com)
2026-02-19 - 11:55:51 PM GMT

✉️ Document emailed to Darrussa Brown (darrissabrown@yahoo.com) for signature
2026-02-19 - 11:55:55 PM GMT

📄 Email viewed by Darrussa Brown (darrissabrown@yahoo.com)
2026-02-20 - 0:12:50 AM GMT

🖊️ Signer Darrussa Brown (darrissabrown@yahoo.com) entered name at signing as Darrissa Brown
2026-02-20 - 0:13:50 AM GMT

🖊️ Document e-signed by Darrissa Brown (darrissabrown@yahoo.com)
Signature Date: 2026-02-20 - 0:13:52 AM GMT - Time Source: server

✅ Agreement completed.
2026-02-20 - 0:13:52 AM GMT

Adobe Acrobat Sign